IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:25-590 |
|---|---|---|
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(B) |
| | ) | 21 U.S.C. § 841(b)(1)(D) |
| | ) | 21 U.S.C. § 856(a)(2) |
| | ) | 18 U.S.C. § 1956 |
| | ) | 18 U.S.C. § 1956(h) |
| | ) | 18 U.S.C. § 1956(a)(1)(A)(i) |
| | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(b)(1) |
| | ) | 21 U.S.C. § 853 |
| v. | ) | 21 U.S.C. § 881 |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| **JOERON BROWN,** | ) | |
| **a/k/a "SCRIP",** | ) | |
| **EDSEL LOVE,** | ) | |
| | ) | **SEALED INDICTMENT** |

COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around January 2020 and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **JOERON BROWN, a/k/a "SCRIP", and EDSEL LOVE,** knowingly and intentionally did combine, conspire, agree and have tacit understanding with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute marijuana, a schedule I controlled substance:

a. With respect to the Defendant, **JOERON BROWN, a/k/a "SCRIP"**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

b. With respect to the Defendant, **EDSEL LOVE,** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

COUNT 2

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in January 2020, and continuing up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **JOERON BROWN, a/k/a "SCRIP", EDSEL LOVE,** knowingly and willfully did combine, conspire, agree and have tacit understanding with others, both known and unknown to the Grand Jury,

(a) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were intended to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and

(b) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the property, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about August 2, 2024, in the District of South Carolina, the Defendant, **JOERON BROWN, a/k/a "SCRIP"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute, a quantity of a marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about August 21, 2024, in the District of South Carolina, the Defendant, **JOERON BROWN, a/k/a "SCRIP"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about July 24, 2024, in the District of South Carolina, the Defendant, **EDSEL LOVE,** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

4

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury but beginning at least in or around 2020, in the District of South Carolina, the Defendant, **EDSEL LOVE**, did knowingly manage and control a place, that is, PBT Wireless located at 101 Southport Road, Spartanburg, South Carolina, whether permanently or temporarily, as an owner, lessee, agent, employee, or occupant and did knowingly and intentionally rent, make available for use, with or without compensation, the place for the purposes of unlawfully manufacturing, storing, distributing and using a controlled substance, that is, a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance,

In violation of Title 21, United States Code, Section 856(a)(2).

COUNTS 7-14

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina, the Defendants as specified below, knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity, did knowingly conduct financial transactions which, in fact, involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to conceal the carrying on of such specified unlawful activity; and did aid and abet each other in doing so;

| Count | Date | Defendants | Financial Transaction | Financial Institution |
|---|---|---|---|---|
| 7 | December 14, 2020 | **Joeron Brown** | Cash deposit of $64,810 | TD Bank |
| 8 | December 28, 2020 | | Wire transfer of $2,120 | TD Bank |
| 9 | May 26, 2020 | **Joeron Brown** | Cash deposit of $90,060 | TD Bank |
| 10 | May 26, 2020 | | Cashier's check of $85,000 | TD Bank |
| 11 | June 17, 2022 | **Joeron Brown** | Cash deposit of $125,000 | First Reliance Bank |
| 12 | June 17, 2022 | | Wire transfer of $125,000 | First Reliance Bank |
| 13 | June 17, 2022 | **Joeron Brown and Edsel Love** | Cash deposit of $80,150 | Bank of America |
| 14 | June 17, 2022 | **Edsel Love** | Wire transfer of $80,000 | Bank of America |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

6

## COUNT 15

THE GRAND JURY FURTHER CHARGES:

At all times relevant to this Indictment:

1. The Defendant,                         , was a citizen of the United States with an address of

2.                  was associated with                 and is registered in                 The Florida Division of Corporations lists the business as inactive as of September 25, 2020.

3.                  was associated with                 and is registered in                 as the registered agent. Bethany Henderson is listed as the manager.

4. TD Bank is a financial institution, as defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation.

### The CARES Act and EIDL

5. Beginning on or about March 27, 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, as administered through the Small Business Administration (SBA), provided emergency assistance to small business owners, including agricultural businesses and nonprofit organizations in all the United States, Washington D.C., and territories affected by the Coronavirus (COVID-19) pandemic. The sources of funding for small businesses were the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loans program (EIDL).

6. The SBA EIDL program was intended to provide small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic. The loan agreements signed to secure EIDL funding state, among other provisions, that the loan

proceeds will be used for working capital and further provides limits on distribution of assets including loans, gifts, bonuses, or otherwise to any owner, partner, employee or affiliated company.

7. Small businesses could receive an advance of funds up to $10,000 and loans of up to $2 million. Individuals could apply via SBA's online website for both the EIDL advances and funding. The EIDL advance did not require any business documentation and could be approved within one to three days. The EIDL program requested minimal documentation and information from small businesses to process the loan for approval.

### The Scheme to Defraud

8. Beginning in or about 2020 and continuing through in or about 2021, in the District of South Carolina and elsewhere, the Defendant, knowingly devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and during such period, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, for the purpose of executing the scheme and artifice to defraud. The Defendant, , owner and operator of engaged in a scheme to defraud the SBA, a department or agency of the United States by utilizing purchases, including purchases of real properties instead of legitimate business purposes during the COVID-19 pandemic.

**Manner and Means**

9. It was part of the scheme that, in May 2020, applied for a $150,000 Small Business Administration Loan (EIDL) through TD Bank. provided the business contact address as and specified that he was the manager for the business with 12 employees.

10. This application was approved in the amount of $150,000 with a $10,000 advance. On or about June 18, 2020, a wire ACH credit from the SBA for the EIDL was received into TD Bank Account *0385 for $10,000.

11. On or about July 17, 2020, a wire ACH credit from the SBA was received into TD Bank Account *0385 for $149,900 and $100 was disbursed to pay for the UCC lien filing fee.

12. On or about October 16, 2020, $58,000 was electronically transferred from the TD Bank Account *0385 to BRH Holdings TD Bank Account *8579.

13. On or about October 16, 2020, $57,131.47 was withdrawn in the form of a cashier's check made payable to Christine Oyer Law Firm LLC as a down payment on a strip mall located at 755 John B White Sr Blvd., Spartanburg, South Carolina.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

DRUG OFFENSES:

Upon conviction for felony violation of 21, United States Code as charged in this Indictment, the Defendants, **JOERON BROWN, a/k/a "SCRIP,", and EDSEL LOVE,** shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2) involved in or used in any knowing violation of 18 U.S.C. § 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, **JOERON BROWN, a/k/a "SCRIP", EDSEL LOVE, AND** shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offenses.

WIRE FRAUD:

Upon conviction for violation of Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as result of such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1); Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to the following:

(1) Proceeds/Wire Fraud Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug and wire offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as a result for their violations of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 1343.

(2) Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result of their violations of 18 U.S.C. § 1956.

(3) Specified Property:

    a. 28-38 Pond Street, Spartanburg, South Carolina
       Titled to Earl J. Properties

    b. 422 Chamber Lane, Moore, South Carolina
       Titled to BRH Holdings, LLC

    c. 725 Heavenly Days, Inman, South Carolina
       Titled to Porsha Sun-Jaye Means

    d. 755 & 780 John B. White, Sr. Blvd., Spartanburg, South Carolina

       Titled to FTS Global Management, LLC

11

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1); Title 21, United States Code, Sections 853 and 881; and Title 28, United States Code, Section 2461(c).

A _true_ BILL

REDACTED

FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _[signature]_
Carrie Fisher Sherard (Fed. ID 10134)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Tel: 864-282-2100
Fax: 864-233-3158
Email: carrie.a.fisher@usdoj.gov